Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DAVID JONATAN ARRIAGA, *individually*
*and on behalf of others similarly situated,*

                    *Plaintiff,*

          -against-

CJ RESTAURANT COMPANY INC.
(d/b/a DELICACY), EUN KYUNG
KIM, and CHEON KOO CHO,

                  *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**
**AND RULE 23 CLASS**
**ACTION**

**ECF Case**

    Plaintiff David Jonatan Arriaga ("Plaintiff Arriaga" or "Mr. Arriaga"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants CJ Restaurant Company Inc. (d/b/a Delicacy) ("Defendant Corporation"), Eon Kyung Kim, and Cheon Koo Cho (collectively, "Defendants"), alleges as follows:

**<u>NATURE OF ACTION</u>**

    1.    Plaintiff David Jonatan Arriaga ("Plaintiff Arriaga" or "Mr. Arriaga") is a former employee of Defendants CJ Restaurant Company Inc. (d/b/a Delicacy), Eun Kyung Kim, and Cheon Koo Cho, who own and operate Delicacy.

2.      Delicacy is a deli/restaurant owned by Eun  Kyung Kim and Cheon Koo Cho, located at 12 E. 44th St., New York, New York 10017.

3.      Upon information and belief, Defendants Eun Kyung Kim and Cheon Koo Cho serve or served as owners, managers, principal or agents of Defendant Corporations and through these corporate entities operate the Deli/restaurant.

4.      Plaintiff Arriaga is a former employee of Defendants.

5.      Plaintiff Arriaga was employed as a beverage stocker and delivery worker.

6.      Plaintiff Arriaga was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to preparing soups, cleaning the floors, kitchen, grill and stocking drinks hereafter the ("non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiff Arriaga worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Arriaga the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiff Arriaga the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.    Defendants employed and accounted for Plaintiff Arriaga as a delivery worker, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

11.    At all times, regardless of duties, Defendants paid Plaintiff Arriaga and all other delivery workers at a rate that was lower than either the required minimum wage rate or the tip-credited rate.

12.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Arriaga's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

13.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Arriaga's actual duties in payroll records to avoid paying Plaintiff Arriaga at the minimum wage rate, and to enable them to pay Plaintiff Arriaga at the lower tip-credited rate (which they still failed to do), by designating him as a delivery worker instead of a non-tipped employee.

14.    In addition, Defendants maintained a policy and practice of unlawfully appropriating a very large portion of Plaintiff Arriaga's tips.

15.    Defendants' conduct extended beyond Plaintiff Arriaga to all other similarly situated employees.

16.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Arriaga and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

3

17.     Plaintiff Arriaga now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiff Arriaga now seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Arriaga's state law claims is conferred by 28 U.S.C. § 1367(a).

20.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Arriaga was employed by Defendants in this district.

## PARTIES

*Plaintiff David Jonatan Arriaga*

21.      "Plaintiff Arriaga" or "Mr. Arriaga" is an adult individual residing in Bronx County, New York.

4

22.     Plaintiff Arriaga was employed by Defendants from approximately April 2016 until on or about March 13, 2020.

*Defendants*

23.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled a deli/restaurant located at 12 E. 44th St., New York, New York 10017, under the name "Delicacy."

24.     Upon information and belief, Defendant CJ Restaurant Company Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 12 E. 44th St., New York, New York 10017.

25.     Defendant Eun Kyung Kim is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Eun Kyung Kim is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Eun Kyung Kim possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Eun Kyung Kim determined the wages and compensation of the employees of Defendants, including Plaintiff Arriaga, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.     Defendant Cheon Koo Cho is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Cheon Koo Cho is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

Defendant Cheon Koo Cho possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Cheon Koo Cho determined the wages and compensation of the employees of Defendants, including Plaintiff Arriaga, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

27.     Defendants operate a deli/restaurant located in the Midtown East section of Manhattan in New York City.

28.      Individual Defendants Eun Kyung Kim and Cheon Koo Cho possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Arriaga's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Arriaga, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Arriaga, and all similarly situated individuals, and are Plaintiff Arriaga's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Arriaga and/or similarly situated individuals.

33.     Upon information and belief, individual defendants Eun Kyung Kim and Cheon Koo Cho operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

7

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Arriaga's employers within the meaning of the FLSA and NYLL.

35.     Defendants had the power to hire and fire Plaintiff Arriaga, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Arriaga's services.

36.     In each year from 2016 to 2020, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the deli/restaurant on a daily basis, such as wines and spirits, were produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Arriaga is a former employee of Defendants, employed as a beverage stocker and ostensibly as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Arriaga seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff David Jonatan Arriaga*

44.     Plaintiff Arriaga was employed by Defendants from approximately April 2016 until on or about March 13, 2020.

45.     Defendants employed Plaintiff Arriaga as a beverage stocker and ostensibly as a delivery worker.

46.     However, Plaintiff Arriaga was also required to spend a significant portion of his work day performing the non-tipped duties described above.

47.     Although Plaintiff Arriaga ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

48.     Plaintiff Arriaga regularly handled goods in interstate commerce, such as dishwashing liquids and cleaning supplies produced outside of the State of New York.

49.     Plaintiff Arriaga's work duties required neither discretion nor independent judgment.

50.     Plaintiff Arriaga regularly worked in excess of 40 hours per week.

51.     From approximately April 2016 until on or about January 2019, Plaintiff Arriaga worked from approximately 8:00 a.m. until on or about 6:00 p.m., Mondays through Fridays (typically 50 hours per week).

52.     From approximately January 2019 until on or about March 13, 2020, Plaintiff Arriaga worked from approximately 6:00 a.m. until on or about 3:00 p.m., two days a week, and from approximately 6:00 a.m. until on or about 6:00 p.m., 3 days a week (typically 54 hours per week).

53.    Throughout his employment with defendants, Plaintiff Arriaga was paid his wages in cash.

54.    From approximately April 2016 until on or about January 2019, defendants paid Plaintiff Arriaga a fixed salary of $495 per week.

55.    From approximately January 2019 until on or about March 13, 2020, defendants paid Plaintiff Arriaga a fixed salary of $550 per week.

56.    Plaintiff Arriaga's wages did not vary regardless of how many additional hours he worked in a week.

57.    In fact, from approximately January 2019 until on or about March 13, 2020, Defendants required Plaintiff Arriaga to continue working three hours past his scheduled departure time three days per week, without paying him any additional compensation for the additional time he worked.

58.    Plaintiff Arriaga was never notified by Defendants that his tips would be included as an offset for wages.

59.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Arriaga's wages.

60.    Defendants illegally withheld a portion of the tips that Plaintiff Arriaga earned from customers.

61.    Specifically, Defendants withheld a considerable portion of the tips clients wrote in for Plaintiff Arriaga.

62.    Defendants did not provide Plaintiff Arriaga with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

10

63.     Defendants never provided Plaintiff Arriaga with a written notice, in English and in Spanish (Plaintiff Arriaga's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64.     Defendants required Plaintiff Arriaga to sign a document which did not represent the actual hours he had worked each week, in order to get paid.

65.     On a number of occasions, Defendants required Plaintiff Arriaga to sign a document, the contents of which he was not allowed to review in detail.

66.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Arriaga regarding overtime and wages under the FLSA and NYLL.

67.     Defendants required Plaintiff Arriaga to purchase "tools of the trade" with his own funds—including five shirts and a hat.

*Defendants' General Employment Practices*

68.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Arriaga (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

69.     Plaintiff Arriaga was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

11

70.    Defendants' pay practices resulted in Plaintiff Arriaga not receiving payment for all his hours worked, and resulting in Plaintiff Arriaga's effective rate of pay falling below the required minimum wage rate.

71.    Defendants habitually required Plaintiff Arriaga to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

72.    Defendants required all delivery workers, including Plaintiff Arriaga, to perform general non-tipped tasks in addition to their primary duties as delivery workers.

73.    Plaintiff Arriaga and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

74.    Plaintiff Arriaga and all other tipped workers were not even paid at the required lower tip-credit rate by Defendants.

75.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Arriaga's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

76.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.     Plaintiff Arriaga's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

78.     In violation of federal and state law as codified above, Defendants classified Plaintiff Arriaga and other tipped workers as tipped employees, and paid them at a rate that was lower than the tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

79.     Defendants failed to inform Plaintiff Arriaga who received tips that Defendants intended to take a deduction against Plaintiff Arriaga's earned wages for tip income, as required by the NYLL before any deduction may be taken.

80.     Defendants failed to inform Plaintiff Arriaga who received tips, that his tips were being credited towards the payment of the minimum wage.

81.     Defendants failed to maintain a record of tips earned by Plaintiff Arriaga for the tips he received from customers.

82.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Arriaga by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving tipped employees of a portion of the tips earned during the course of employment.

83.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Arriaga, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

84.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

85.     Plaintiff Arriaga was paid his wages entirely in cash.

84.     As a requirement to release his weekly wages, defendants required Plaintiff Arriaga to sign a document which misrepresented the hours he had worked each week.

85.     By employing these practices, Defendants avoided paying Plaintiff Arriaga the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

86.     Defendants failed to post required wage and hour posters in the deli/restaurant, and did not provide Plaintiff Arriaga with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Arriaga's relative lack of sophistication in wage and hour laws.

87.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Arriaga (and similarly situated individuals) worked, and to avoid paying Plaintiff Arriaga properly for (1) his full hours worked, (2) the minimum wage, (3) for overtime due and (4) the spread of hours pay.

88.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

89.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Arriaga and other similarly situated current and former delivery workers.

90.     Defendants failed to provide Plaintiff Arriaga and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

91.     Defendants failed to provide Plaintiff Arriaga and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

92.    Plaintiff Arriaga brings his FLSA claims for minimum and overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA class members") who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

93.    At all relevant times, Plaintiff Arriaga  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully taking improper wage deductions and other improper credits against Plaintiff Arriaga's wages for which Defendants did not qualify under the FLSA.

94.    The claims of Plaintiff Arriaga stated herein are similar to those of the other employees.

## <u>FIRST CAUSE OF ACTION</u>
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

104.    Plaintiff Arriaga repeats and realleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiff Arriaga's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff

16

Arriaga (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

106.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

107.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

108.    Defendants failed to pay Plaintiff Arriaga (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

109.    Defendants' failure to pay Plaintiff Arriaga (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

110.    Plaintiff Arriaga (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

111.    Plaintiff Arriaga repeats and realleges all paragraphs above as though fully set forth herein.

112.    At all times relevant to this action, Defendants were Plaintiff Arriaga's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Arriaga (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

113.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

114.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

115.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Arriaga (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

116.    Defendants' failure to pay Plaintiff Arriaga (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

117.    Plaintiff Arriaga (and the FLSA class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

118.    Plaintiff Arriaga repeats and realleges all paragraphs above as though fully set forth herein.

119.    At all times relevant to this action, Defendants were Plaintiff Arriaga's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Arriaga (and the FLSA class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

120.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Arriaga (and the FLSA class members) less than the minimum wage.

18

121.    Defendants' failure to pay Plaintiff Arriaga (and the FLSA class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

122.    Plaintiff Arriaga (and the FLSA class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS

123.    Plaintiff Arriaga repeats and realleges all paragraphs above as though fully set forth herein.

124.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Arriaga (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

125.    Defendants failed to pay Plaintiff Arriaga (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

126.    Defendants' failure to pay Plaintiff Arriaga (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

127.    Plaintiff Arriaga (and the FLSA class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR)

128.    Plaintiff Arriaga repeats and realleges all paragraphs above as though fully set forth herein.

129.    Defendants failed to pay Plaintiff Arriaga (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Arriaga's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

130.    Defendants' failure to pay Plaintiff Arriaga (and the FLSA class members) an additional hour's pay for each day Plaintiff Arriaga's spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

131.    Plaintiff Arriaga was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

132.    Plaintiff Arriaga repeats and realleges all paragraphs above as though fully set forth herein.

133.    Defendants failed to provide Plaintiff Arriaga (and the FLSA class members) with a written notice, in English and in Spanish (Plaintiff Arriaga's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

134.    Defendants are liable to Plaintiff Arriaga in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

135.    Plaintiff Arriaga repeats and realleges all paragraphs above as though set forth fully herein.

136.    Defendants did not provide Plaintiff Arriaga (and the FLSA class members) with a statement of wages with each payment of wages, as required by NYLL 195(3).

137.    Defendants are liable to Plaintiff Arriaga in the amount of $5,000, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM TIPS IN
### VIOLATION OF THE NEW YORK LABOR LAW

138.    At all relevant times, Defendants were Plaintiff Arriaga's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

139.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

140.    Defendants unlawfully misappropriated a portion of Plaintiff Arriaga's tips that were received from customers.

141.    Defendants knowingly and intentionally retained a portion of Plaintiff Arriaga's (and the FLSA class members) tips in violations of the NYLL and supporting Department of Labor Regulations.

142.    Plaintiff Arriaga was damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

21

143.    Plaintiff Arriaga repeats and realleges all paragraphs above as though fully set forth herein.

144.    Defendants required Plaintiff Arriaga to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

145.    Plaintiff Arriaga was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Arriaga  respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Arriaga and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Arriaga and the FLSA class members;

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful

as to Plaintiff Arriaga and the FLSA class members;

(e)     Awarding Plaintiff Arriaga and the FLSA class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)     Awarding Plaintiff Arriaga and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid Minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Arriaga and the members of the FLSA Class;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Arriaga and the members of the FLSA Class;

(i)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Arriaga and the members of the FLSA Class;

(j)     Declaring that Defendants violated the notice and wage statement requirements of the NYLL with respect to Plaintiff Arriaga's, and the FLSA class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Arriaga and the FLSA class members;

(l)     Awarding Plaintiff Arriaga and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken

23

against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(m)    Awarding Plaintiff Arriaga and the FLSA class members damages for

Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL

§§198(1-b), 198(1-d);

(n)    Awarding Plaintiff Arriaga and the FLSA class members liquidated damages in

an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of

hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

and liquidated damages pursuant to NYLL § 198(3);

(o)    Awarding Plaintiff Arriaga and the FLSA class members pre-judgment and post-

judgment interest as applicable;

(p)    Awarding Plaintiff Arriaga and the FLSA class members the expenses incurred in

this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Arriaga demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       January 8, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

24

By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*